IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN P. O'CONNOR and ANTHONY HELFER, Trustees of the UFCW LOCAL 23 and EMPLOYERS PENSION FUND,<br><br>  Plaintiff,<br><br>   -vs-<br><br>E.J. FOODS, LLC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-295<br>)<br>)<br>) |

AMBROSE, Chief District Judge.

### MEMORANDUM OPINION

Pending is Plaintiffs' Motion for Judgment on the Pleadings. (Docket No. 8). The Defendant has responded thereto. (Docket Nos. 13, 14). After careful consideration of the same and for the reasons set forth below, the Plaintiffs' Motion for Judgment on the Pleadings (Docket No. 8) is denied.

Plaintiffs, John P. O'Connor and Anthony Helfer, Trustees of the UFCW Local 23 and Employers Pension Fund ("Fund"), brought this action on behalf of the Fund. Defendant, E.J. Foods, LLC, was a contributing employer to the Fund and ceased contributing to the Fund as a result of a total cessation of business operations. Defendant received a letter from the Fund demanding payment of $29,242.00 that the Fund letter characterized as withdrawal liability. Defendant failed to make the initial payments or any other subsequent payments. A demand letter was sent to Defendant on April 6, 2006, requesting payment of the outstanding principal and

interest within sixty (60) days. Defendant has failed to pay in accordance with that demand. Defendant denies, however, that it owes such payments to the Fund.

Pursuant to Rule 12(c), a judgment on the pleadings will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Jablonski v. Pan American World Airways, Inc.,* 863 F.2d 289, 290-91 (3d Cir. 1988), *quoting Society Hill Civic Association v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1980). In reviewing the grant of a Rule 12(c) motion, I must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* I, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Bayer Chemicals Corp. v. Albermarle Corp.*, No. 2006 WL 707474, *3 (3d Cir. 2006), *quoting Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999).

Plaintiffs argue that because Defendant admits that it was a contributing employer to the Fund, that it ceased contributing to the Fund, that it failed to make the initial payments or any other subsequent payments, and that it failed to pay the outstanding amounts due within 60 days of the Fund's demand, it is entitled to a judgment as a matter of law in the amount of $29,242.00 pursuant to the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. §1399. In response, Defendant asserts that because it denied that it owes the sum claim by Plaintiffs in its Answer at paragraphs 9-10, a motion for judgment on the pleadings cannot be granted. I agree with Defendant. As the non-moving party, I must view all facts and inferences in favor of Defendant. Consequently, a Motion for Judgment on the Pleading is not warranted.

## **ORDER OF COURT**

AND NOW, this **31st** day of May, 2007, after careful consideration of Plaintiffs' Motion for Judgment on the Pleadings (Docket No.8), and the related submissions, it is ordered that said Plaintiffs' Motion (Docket No. 8) is denied.

A case management conference is set for Wednesday, June 13, 2007 at 11:30 A.M. before the undersigned on the Third Floor, Suite 3280 of the U.S. Post Office & Courthouse. Counsel shall have settlement authority and parties are to be available by telephone. In addition, counsel are to fax their position letters three (3) days prior to the conference.

BY THE COURT:

/S/  Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge